JESSE D. CARR *v.* LARKIN F. WOODS and another.

After the dissolution of a partnership, no one of the partners can use the social name so as to bind the rest. To draw or endorse a note in the name of the partnership, the authority must be express and special.

One who has paid in consequence of his endorsement, given to the liquidating partners after the dissolution of the partnership, cannot, as endorser, recover of the other partners on the note thus paid by him, although the consideration of the note was a debt due by the firm ; nor can he recover on an account, stating such payment as an item. He might recover on showing that he had paid a debt due before the dissolution of the partnership, to the extent to which the partnership had profited by the payment.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

BULLARD, J. The petitioner alleges that the defendants owe him, *in solido*, $783 48, being the balance of an account current between him and the late commercial partnership of Douglass, Woods & Co., of which the defendants were members, as detailed in the account annexed to the petition.

The defendant Hills denied that he is in any way indebted to the plaintiff, or that the persons with whom he contracted had any authority to bind him at the time, or that he was a partner of the house of Douglas, Woods & Co. ; and he denies generally the matters alleged.

The court below being satisfied from the evidence that the liability sought to be fastened upon Hills was the result of renewals of a note, not proved to have been given to the firm of Douglass, Woods & Co., and that a liquidating partner has no right to renew notes, and thus fasten new obligations on his partners, gave judgment for the defendant Hills, and the plaintiff appealed.

The principle here laid down is well settled, and has been recognized in several cases by this court, and particularly in *Rudy* v. *Harding et al.* (6 Robinson, 70), in which we held that, after the dissolution of a partnership, no one of the partners can use

the social name so as to bind the others ; and that to draw or en-
dorse a note in the name of the former partnership, the authority must be express and special. The only enquiry, there-
fore, is one of fact—did the claim of the plaintiff arise out of en-
dorsements made by the plaintiff for some of the partners, with-
out the consent of the defendant Hills ?

The partnership was dissolved, in October, 1837. The ac-
knowledgment, signed "*Douglass, Woods & Co., in liquida-
tion*," bears date in 1841 ; and the items of the account are da-
ted from January, 1840, to July, 1841. The principal item on
the debit side is : "To cash paid your two notes, protests and
interest, and five per cent for advancing, $1,825." Another part
of the account, originally due to Carr & Shearon, embraces
transactions in 1839. One of the witnesses swears that the ac-
count is just and correct, item by item ; but he does not prove,
that the debt discharged by the plaintiff was due by the firm
before its dissolution. If the plaintiff's obligation to pay arose
from his endorsement given to the liquidating partners after the
dissolution of the partnership, although the consideration of the
note so given may have been a debt due by the firm, the endors-
er could not recover of the other partners on the note thus taken
up, as endorser ; neither can he recover on an account stating
such payments as items. He might recover, if he could show
that he had paid a debt due before the dissolution of the part-
nership, to the extent that the partnership had in fact profited
by the payment. Such evidence is wanting in this case ; and,
in the form in which the action is brought, and the debt is stated
to have arisen, we concur with the court below, that the plain-
tiff cannot recover. But the judgment ought to be one of non-
suit.

The judgment of the Commercial Court is, therefore, affirmed,
as in case of non-suit, with costs.

*Benjamin*, for the appellant.

*G. Strawbridge*, contrâ.